UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
CONCORD ASSOCIATES, L.P.,                                    :
CONCORD RACEWAY CORPORATION,                                 :
CONCORD KIAMESHA CASINO, LLC,                                :
CONCORD KIAMESHA CAPITAL CORP.,                              :
CONCORD RESORT, LLC,                                         :
CONCORD KIAMESHA, LLC, and                                   :
CONCORD KIAMESHA HOTEL, LLC,                                 :
                                                             :
            Plaintiffs,                                      :   **OPINION & ORDER**
                                                             :
    - against -                                              :
                                                             :   12 Civ. 1667 (ER)
ENTERTAINMENT PROPERTIES TRUST,                              :
EPT CONCORD, LLC, EPT CONCORD II, LLC,                       :
EMPIRE RESORTS, INC., MONTICELLO                             :
RACEWAY MANAGEMENT, INC.,                                    :
KIEN HUAT REALTY III LIMITED, GENTING                        :
NEW YORK LLC, and JOHN DOES 1 TO 5,                          :
                                                             :
            Defendants.                                      :
                                                             :
-------------------------------------------------------------x

Appearances:

James I. Serota
Scott A. Martin
Roy Taub
Greenberg Traurig LLP
New York, New York
*Attorneys for Plaintiffs*

Moses Silverman
Joshua D. Kaye
Paul, Weiss, Rifkind, Wharton & Garrison LLP
New York, New York
*Attorneys for Defendants Empire Resorts Inc. and Monticello Raceway Management, Inc.*

Y. David Scharf
Kristin T. Roy
Gayle E. Pollack
Morrison Cohen LLP
New York, New York

*Attorneys for Defendants Entertainment Properties Trust, EPT Concord, LLC, and EPT Concord II, LLC*

Howard S. Zelbo
Matthew M. Bunda
Leah Brannon
Cleary Gottlieb Steen & Hamilton LLP
New York, New York and Washington, D.C.
*Attorneys for Defendants Kien Huat Realty III Limited and Genting New York LLC*

RAMOS, D.J.:

This litigation concerns an alleged conspiracy to monopolize and monopolization of the racing and casino gaming industry in the Catskills region of New York State. The Plaintiffs are entities who collectively are attempting to build a casino-resort complex which would offer a luxury hotel, name entertainment and championship golf in addition to harness racing and casino gaming. By Opinion and Order entered on September 18, 2013 (the "September 18 Order" or the "Order"), Doc. 69, this Court granted two separate motions by defendants to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The Court also denied Plaintiffs' request for leave to file a second amended complaint. Order at 50. Plaintiffs now move pursuant to Local Rule 6.3 for reconsideration of so much of the September 18 Order as denied leave to file a second amended complaint. Doc. 72. For the reasons set forth below, the motion is DENIED.

**II. Procedural History**

Plaintiffs commenced this action on March 7, 2012, Doc. 1, and filed an Amended Complaint on June 27, 2012. Doc. 26. The Amended Complaint followed a request by defendants Empire Resorts, Inc. and Monticello Raceway Management, Inc. (the "Empire

---

[1] The September 18 Order contains a detailed recitation of the facts underlying the Amended Complaint, Doc. 26. Familiarity with the same are therefore assumed and only those facts necessary to resolve the instant motion will be discussed.

Defendants") for leave to file a motion to dismiss the original complaint pursuant to Rule 12(b)(6). In their letter request, the Empire Defendants asserted that the original complaint was subject to dismissal, because, among other deficiencies,

> ". . . [T]he Complaint fails adequately to allege a relevant product and geographic market in which trade was allegedly unreasonably restrained or monopolized. . . . Plaintiffs also offer no allegations whatsoever to support their vague description of a geographic market as the "Catskill Region" encompassing Sullivan County, New York and extending into [unidentified areas of] Delaware, Greene and Ulster Counties." . . . Indeed, numerous specific allegation in the Complaint suggest that any relevant geographic market would be much greater than these four New York counties. . . . In short, dismissal is warranted because Plaintiffs allege nothing more than an unrealistically narrow market of the type courts have characterized as "strange red-haired, bearded, one-eyed man with a limp-type" market."

Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration ("Defendants' Mem."), Exhibit 3, March 30, 2012 letter of Moses Silverman at 2 (internal citations omitted). In accordance with this Court's Individual Rules, a pre-motion conference on Defendants' request was held on April 25, 2012. At that time, after additional discussion concerning Defendants' views on the inadequacy of the defined markets, the Court granted Plaintiffs leave to file the Amended Complaint to address those concerns.

The Amended Complaint alleged five causes of action. Counts I through III alleged violations of Sections 1 and 2 of the Sherman Act; and Counts IV and V alleged violations for tortious interference with contract and with business relations, respectively, under New York state law. Am. Compl. ¶¶ 166, 173, 176, 185, 190-196, 197-202. In the Amended Complaint, Plaintiffs defined the relevant geographic market as a 100-mile radius from the Town of Thompson, Sullivan County, New York, where the Concord site is located. Id. ¶¶ 147, 150.

The Defendants again sought leave to dismiss the Amended Complaint, and again asserted, among other reasons, that Plaintiffs "have failed to allege facts that demonstrate that

3

there is a relevant market in which competition could be restrained." Defendants' Memorandum, Ex. 4, July 25, 2012 letter of Moses Silverman at 3. A pre-motion conference was scheduled for September 14, 2012. Doc. 34. On September 13, 2012, the day before the scheduled conference, Plaintiffs' newly retained counsel submitted a letter requesting that the conference be adjourned, and noting their "intention to make substantive revisions" to the Amended Complaint. Counsel indicated that they would be prepared to file and serve a proposed second amended complaint within 21 days. *Id*.

The Court denied the request for the adjournment and the pre-motion conference was held on September14, 2012 as scheduled. At that time, the Court allowed Defendants to file motions to dismiss the Amended Complaint and set a briefing schedule therefor. The Court also instructed Plaintiffs that they could submit a letter to the Court if they wished to file a Second Amended Complaint. The Defendants filed their moving papers on September 25, 2012, Docs. 41, 44, Plaintiffs filed their opposition papers on October 25, 2012, Docs. 49-50, and Defendants filed their reply papers on November 8, 2012, Docs. 53-54. In response to the motion of the Defendants Kien Huat Realty III Limited and Genting New York, LLC (the "Genting Defendants"),[2] but not in response to the motion of the Empire Defendants, Plaintiffs indicated in a footnote that "[i]n the event that the Court were inclined to grant any part of the Motion to Dismiss, Plaintiffs respectfully request that leave to amend be allowed in the interests of justice." Doc. 50 at 22 f.n. 14.

On November 29, 2012, after the motions to dismiss were fully briefed, Plaintiffs

---

[2] The Genting Defendants joined in the motion to dismiss the Amended Complaint filed by the Empire Defendants. The Genting Defendants also separately moved to dismiss the Amended Complaint on the basis, *inter alia*, that Plaintiffs failed to allege relevant actions by them. Doc. 46. The substance of the arguments particular to the Genting Defendants' are not relevant to the disposition of the instant motion.

4

submitted a letter requesting a pre-motion conference to seek leave to file a Second Amended Complaint. The letter request attached the proposed Second Amended Complaint. Plaintiffs' Memorandum of Law in Support of their Motion for Reconsideration ("Plaintiffs' Mem."), Exhibit 1, November 29, 2012 letter of James Serota. In their letter, Plaintiffs wrote:

> "As we did at the September 14 conference, Plaintiffs respectfully submit that the claims in the First Amended Complaint have been more than adequately pled to withstand Defendants' motions to dismiss. And as Defendants preferred, those issues have been briefed to the Court. Should the Court decide the motions in Plaintiffs' favor, it will be in the interests of the Court and the parties to have issue joined with respect to a single pleading. Accordingly, Plaintiffs are submitting [the proposed Second Amended Complaint], which better articulates all of Plaintiffs' claims based upon the express allegations in or reasonable inferences drawn from the First Amended Complaint, at this time."

*Id*.

By letters dated December 4, 2012, Defendants opposed Plaintiffs' request on various grounds, including Plaintiffs' prior failure to cure the defects in their allegations, undue delay and futility. Defendants' Mem., Exhibits 6-7, December 4, 2012 letter of Moses Silverman on behalf of the Empire Defendants, and December 4, 2012 letter of Howard Zelbo on behalf of the Genting Defendants. Specifically, as regards the relevant markets, the Empire Defendants asserted that "Plaintiffs propose[d] yet additional market definitions but still fail[ed] to allege facts showing a proper relevant product or geographic market. *Id*., Exhibit 6. Similarly, the Genting Defendants argued that in the proposed Second Amended Complaint Plaintiffs failed to allege facts distinguishing apparently comparable alternatives in terms of geography and product options. *Id*., Exhibit 7 at 2.

In a memorandum to the docket clerk on April 24, 2013, the Court scheduled oral argument on the pending motions to dismiss for May 8, 2013 at 2:30 pm. Doc. Entry 4/23/13.

The docket entry also noted that Plaintiffs' request to file a second amended complaint will also be discussed at that time. *Id*. At the oral argument, the Court specifically asked Plaintiffs' counsel to address his request for leave to file a Second Amended Complaint. Transcript of May 8, 2013 Oral argument ("Tr.") at 139. In response, counsel stated:

> "When, when we were here back in September, we did indicate that we would be prepared to, to put such a pleading in within twenty days. We did, more or less, and within twenty days after the briefing conclude it [sic]. I think it was a couple of extra days because of the [Sandy] hurricane, but that, that's a factually richer Complaint than the First Amended Complaint. It articulates, we think, the claims better than the First Amended Complaint would. But at this point in time, all we have, of course, is a letter before Your Honor with respect to potentially seeking leave to amend.
>
> I think all of the parties are best served by having, by having a clear pleading for purposes of joinder of issues. *So, at this point in time, I think we would probably prefer to wait for Your Honor's opinion, and if you agree that the First Amended Complaint survives, we'll, we'll take stock of that at that point*."

*Id.* at 144-45 (emphasis added).

In light of (1) the prior opportunity Plaintiffs were granted to cure the deficiencies in the original Complaint and (2) Plaintiffs' withdrawal of their request for leave to move to amend a second time, when the Court issued the September 18 Order dismissing the case, it also, in its discretion, denied Plaintiffs the opportunity to amend again:

> "On May 8, 2013, the Court held Oral Argument on the instant motions and on Plaintiffs' request to file a Second Amended Complaint. At Oral Argument, Plaintiffs stated that they would wait for the Court's opinion on the instant motions and then assess whether they wished to file a Second Amended Complaint. Tr. 144-22-25 – 145:1-15. Accordingly, "Plaintiff[s] ha[ve] not moved for leave to amend [their] antitrust claims in the event that the [C]ourt finds them lacking, and ha[ve] already amended [their] Complaint once before. Thus, it is within the [C]ourt's discretion to dismiss Plaintiff[s'] claims without giving [them] leave to amend [their] complaint to cure the pleading defects." *Solent Freight Servs., Ltd.* Inc., 914 F. Supp. 2d at 323 (citing *Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124, 1132 (2d Cir. 1994) ("[W]e do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought.")."

6

September 18 Order at 50.

On October 2, 2013, Plaintiffs timely filed the instant Motion for Reconsideration of the Court's ruling denying them leave to amend the Complaint. Doc. 72. On October 18, 2013, Plaintiffs also timely appealed the dismissal of the Amended Complaint to the Second Circuit Court of Appeals. Doc. 76. The appeal to the Second Circuit is stayed pending resolution of the instant motion. Doc. 77.

## II. Discussion

### A. *The legal standard.*

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); see also Local R. 6.3. "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted). "Where the movant fails to show that any controlling

authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration under Local Rule 6.3 is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc.*, --- F. Supp. 2d ----, No. 12 Civ. 1346 (SAS), 2012 WL 2357197, at *7 (S.D.N.Y. June 20, 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 2012 WL 2357197, at *7 (quoting *Makas v. Orlando*, No. 06 Civ. 14305 (DAB), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)) (internal quotation marks omitted); *see, e.g., Anwar v. Fairfield Greenwich Ltd.*, No. 09 Civ. 0118 (VM), --- F.Supp.2d ----, 2012 WL 3245478, at *2 (S.D.N.Y. Aug. 6, 2012) ("The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided."); *see also Assoc. Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (motion for reconsideration is not "an occasion for repeating old arguments previously rejected").

Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Premium Sports Inc.*, No. 10 Civ. 3752 (KBP), 2012 WL 2878085, at *1 (S.D.N.Y. June 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under the strict standard applied by courts in this Circuit, "reconsideration will generally be denied." *In re*

*Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d at 614.

      B.  *Reconsideration is not appropriate on these facts.*

At base, Plaintiffs' motion for reconsideration is premised on the notion that the Court somehow prevented or precluded them from moving to file the proposed Second Amended Complaint by failing to hold a pre-motion conference as required by the Court's Individual Rules.[3]  *See*, *e.g.,* Plaintiffs Mem., Doc. 83 at 1 (". . . Plaintiffs also filed a letter requesting a pre-motion conference (which was not held) so that they could formally move to amend the [First Amended Complaint]"); *id.* at 4 (". . . Plaintiffs *did* request, in their opposition papers and on numerous other occasions beginning in September 2012, leave to amend the FAC . . . but they could not have actually filed a motion without a pre-motion conference.") (emphasis in original); *id.* at 6 ("The Court did not schedule a pre-motion conference [in response to Plaintiffs' November 29, 2012 letter requesting leave to file a motion to amend], set a briefing schedule, or rule on the request for leave to amend."); *id.* at 7 ("But no motion could have been made without a pre-motion conference per the Court's Individual Practices."); *id.* at 8 ("To the extent the Court's denial of leave is based upon the lack of a formal motion having been made, Plaintiffs could not have made such a motion without a pre-motion conference on Plaintiffs' pending request.")[4]  This notion is remarkable for being so demonstrably wrong.  The record clearly establishes that the Court did schedule a conference at which the request for leave to amend was to be discussed.  Indeed, Plaintiffs specifically cite to the conference in their moving papers: "On April 24, 2013, the Court issued a memorandum to the Docket Clerk, as reflected in the

---

[3] Pursuant to the Court's Individual Rule 2(A)(ii), a pre-motion conference with the Court is required before making a motion, other than a discovery motion, in a civil case.

[4] Plaintiffs also suggest that the Court rejected their request to amend prior to the motion to dismiss.  Plaintiffs' Mem. at 7.  The Court did nothing of the kind; the Court simply instructed Plaintiffs to submit a letter requesting a pre-motion conference if they wished to seek leave to amend.  *See* Docket Entry of 9/14/12.

Court's docket, scheduling oral argument on the motions to dismiss and stating that '*Plaintiffs' request for leave to file a second amended complaint will also be discussed at that time.*'" *Id.* at 6 (emphasis added). The conference was held and the proposed motion was specifically addressed, as Plaintiffs had plainly to acknowledge. *Id.* (". . . the subject of Plaintiffs' request for leave to amend . . . was addressed at oral argument by both sides.")

Equally clear from the record is that the Court did not "rule" on Plaintiffs' request to amend because it did not have to; at the pre-motion conference, Plaintiffs' counsel unequivocally *withdrew* the request. Counsel specifically stated, "[A]t this point in time, I think we would probably prefer to wait for Your Honor's opinion, and if you agree that the First Amended Complaint survives, we'll, we'll take stock of that at that point." Tr. at 145. That statement admits of only one reasonable interpretation. While it is certainly true, as Plaintiffs assert, that they had requested leave to amend the Complaint on prior occasions, *see* Doc. 38 (Plaintiffs' September 13, 2012 letter) and Exhibit 1 to Plaintiffs' Memorandum (Plaintiffs' November 29, 2012 letter), Plaintiffs were never precluded from making the motion and the last word they said on the matter was that they would prefer to wait for the Court's opinion before considering whether to make the motion, if the Amended Complaint "survives." On these facts, it was perfectly reasonable—and factually accurate—for the Court to conclude that Plaintiffs had not moved to file a Second Amended Complaint. September 18 Order at 50.

It is also true that in response to the Genting Defendants' motion to dismiss, Plaintiffs requested leave to amend in the event the Court were inclined to grant any part of the motion to dismiss, Doc. 50 at 22 f.n. 14. As Defendants point out, however, the Genting Defendants' moved separately to address issues not involving the relevant market. No similar request was

made in the memorandum responding to the Empire Defendants' motion. Defendants' Mem. at 5.  In any event, oral argument on the motions to dismiss and Plaintiffs' request for leave to file the Second Amended Complaint was held months after Plaintiffs filed their memorandum in opposition to the motions to dismiss, and at that time they clearly and expressly withdrew their request for leave to move to amend.

The Court also notes that the fact that they withdrew their request was completely unremarkable in light of their repeated assertions that the Amended Complaint was legally sufficient and the proposed Second Amended Complaint would merely state Plaintiff's case "better," and not necessarily differently.  For example, in their November 29, 2012 letter to the Court requesting a pre-motion conference on their anticipated motion, Plaintiffs reiterated the position they took at the September 14, 2012 conference:  that they believed the claims in the First Amended Complaint had been adequately pled, and were submitting the proposed Second Amended Complaint, "which better articulates all of Plaintiffs' claims," in the event the Court rules in Plaintiffs' favor, so that the parties will have the benefit of having issue joined in a single—and presumably clearer—pleading.  *See* Plaintiffs' Mem., Exhibit 1 at 1-2.  Similarly, and importantly, at the May 8 oral argument, months *after* Plaintiffs had been served with Defendants' motions to dismiss and were thus well-aware of their legal and factual arguments, Plaintiffs' counsel persisted in the view that the proposed Complaint was legally sufficient to meet those challenges.  Counsel merely stated that the proposed Complaint was a "factually richer Complaint than the First Amended Complaint.  It articulates . . . the claims better than the First Amended Complaint would."  Tr. at 145.  At no point in the argument did Plaintiffs' counsel suggest that it was necessary to allow the amendment in order effectively to rebut

11

Defendants' legal and factual arguments.  Thus, Plaintiffs' decision to defer the motion to amend looked to all the world as an expedient to get past the motion to dismiss stage because they believed the Amended Complaint would withstand the challenge.  Their ultimate apparent intention was simply to clean up the pleading later.

Accordingly, because contrary to Plaintiffs' arguments, the Court did not overlook their repeated requests for leave to file a motion to amend, Plaintiffs' motion for reconsideration must be denied.  *See Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) ("Where the movant fails to show that any controlling authority or facts have actually been overlooked . . . the motion for reconsideration must be denied."  (citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)).  While this finding is sufficient in itself to deny reconsideration, the motion also fails because amending the pleading in the way Plaintiffs proposed would have been futile. *See*, *id*.  (holding that reconsideration of a court's order on a motion is only appropriate where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . *and which, had they been considered, might have reasonably altered the result before the court*."  (emphasis added) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003));

In the September 18 Order, the Court granted the motion to dismiss in large measure because the geographic market as defined in the Amended Complaint, comprised of a 100-mile radius from the Town of Thompson, was "too narrow and inherently implausible."  Order at 29. Specifically, the Court noted that the geographic market excluded casino resorts in Connecticut and Atlantic City and Plaintiffs provided no plausible reason why 90% of their target population, which lives in the New York metropolitan area, would not consider those facilities to be

reasonable alternatives. *Id*. at 30-31, *see also, id*. at 29-35 for the Court's full analysis of the relevant market. The proposed Second Amended Complaint would in no way correct this deficiency. In it, Plaintiffs allege that their casino resort "would compete with other reasonably accessible casinos/racinos for legal gaming business," and "with other reasonably accessible casino hotel and resort facilities that compete for tourism patrons in the Catskills region." Plaintiffs' Mem. Exhibit 1, ¶¶ 148-49. They define the relevant geographic market or sub-market as the "Catskills Racing/Gaming Market." *Id*. at ¶ 157. At oral argument, they further defined the relevant market as starting in the Town of Thompson and extending in a conical shape towards the downstate New York area, again excluding Atlantic City and Connecticut. Their target population, however, continues to be the 18 to 20 million people live in the New York metropolitan area, *id*. ¶ 4, and Plaintiffs still fail to explain why their target audience would not consider the casinos in Atlantic City and Connecticut to be reasonable alternatives to their product. Thus, the motion for reconsideration may be denied on the alternative basis that proposed amended pleading is futile. *See Iowa Public Employees' Retirement System v. Deloitte & Touche LLP*, 973 F. Supp.2d 459, 466 (S.D.N.Y. 2013) (denying leave to amend on motion for reconsideration on the ground of futility).

## III. Conclusion

For the reasons set forth above,[5] Plaintiffs' Motion for Reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion (Doc. 72).

It is SO ORDERED.

Dated: November 3, 2014
      New York, New York

                                            Edgardo Ramos, U.S.D.J.

---

[5] Because the Court is denying reconsideration on the two bases discussed above, it need not discuss Defendants' additional arguments that reconsideration should be denied because (1) Plaintiffs have already been given an opportunity to amend and failed to correct the deficiencies, (2) undue delay and (3) unfair prejudice.

14